## Ex Parte Spurling's Guardian.

(Decided June 10, 1915.)

### Appeal from McCreary Circuit Court.

Appeal and Error—Insufficient Record.—Where the record filed in this court does not contain the exhibits or evidence upon which the lower court acted, the judgment will be affirmed.

R. L. POPE and W. F. HINKLE for appellant.

Opinion of the Court by Judge Carroll—Affirming.

This is an *ex parte* proceeding begun in the Mc-Creary County Court by W. H. Meadors, guardian of Charles Spurling, the purpose of which was to have the county court set aside an order removing Meadors as guardian of Charles Spurling.

The petition filed in the county court sets out, in substance, that Meadors was appointed guardian on the motion of Charles Spurling, who was then an infant, over fourteen years of age, and also upon the written request of H. C. Spurling, his father. That he accepted the appointment and qualified as guardian. That in 1913 he was illegally and wrongfully removed as guardian by the county court, which removal was void because he had no notice that he was about to be removed and there was no statutory ground for his removal.

Neither the infant, Charles Spurling, nor the guardian appointed in the place of Meadors, if there was one appointed, was made a party to this proceeding. The county court, as appears from the record, overruled the motion of Meadors to have the order removing him set aside, and thereupon he appealed to the circuit court, and that court, upon "the pleadings, proof and exhibits filed for judgment upon the appeal from the McCreary County Court, after considering the same, and being advised, is of the opinion and it is so adjudged, that the judge of the McCreary County Court had the right to remove said W. H. Meadors as statutory guardian of the infant, Charles Spurling, at the time and for the reason assigned in the order and judgment of the county court removing said Meadors as guardian of said infant, and therefore the judgment of the McCreary County Court is affirmed."

From this judgment Meadors prosecutes this appeal. There is not filed with the record the order appointing Meadors as guardian, or the order removing him, nor is there any exhibit or evidence.

With the record in this condition, the only thing we can do is to affirm the judgment appealed from, and it is so ordered.